# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
SCOTT GERMAINE individually        *
and on behalf of his minor         *
grandson, C.G.,                    *
                                   *   No. 18-800V
            Petitioner,            *   Special Master Christian J. Moran
                                   *
v.                                 *   Filed: August 8, 2022
                                   *
SECRETARY OF HEALTH                *   Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * * * * * * * * * *

Sean F. Greenwood, Greenwood Law Firm, Houston TX, for Petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 11, 2021, petitioner Scott Germaine moved for final attorneys' fees and costs. He is awarded **$35,781.93.**

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On June 6, 2018, petitioner, on behalf of his minor grandson, C.G., filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the third dose of the rotavirus vaccine C.G. received caused him to suffer intussusception. Petition at 1. The parties filed expert reports, with petitioner retaining Dr. John Santoro (who filed two reports) and respondent retaining Dr. Chris Liacouras (who filed one report). Thereafter, the undersigned outlined the issues for briefing, and on March 18, 2020, petitioner filed his brief and motion for a decision on the record. Although the undersigned wanted to hear oral testimony from the experts, petitioner informed the Court that Dr. Santoro had passed away. Thereafter, petitioner filed a second motion for a ruling on the record on February 4, 2021. On March 9, 2021, the undersigned issued his decision denying compensation. 2020 WL 8992815. Petitioner filed a motion for review on April 8, 2021, and on June 29, 2021, the Court of Federal Claims denied petitioner's motion. 155 Fed. Cl. 226.

On August 11, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requested attorneys' fees of $26,348.54 and attorneys' costs of $885.24. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Fees App. Ex. 5. On August 12, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.

On October 15, 2021, petitioner moved for a status conference to discuss his pending motion for attorneys' fees and how to properly calculate fees for petitioner's medical expert, Dr. John Santoro, who passed away while the case was pending and before he was able to provide counsel with a detailed billing statement for his case work. A status conference was held on November 2, 2021, during which petitioner's counsel proposed filing an affidavit estimating a reasonable amount of expert fees based upon his experience working with Dr. Santoro in other cases. On November 3, 2021, petitioner filed a supplement to his pending fees motion, requesting an additional $15,000.00 for the work of Dr. Santoro. Thus, the total amount of attorneys' costs requested is $15,885.24, and the total amount requested is $42,233.78.

*     *     *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned is satisfied the case proceeded with good faith and reasonable basis.  Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Sean Greenwood, $337.00 per hour for work performed in 2018, $363.00 per hour for work performed in 2019, $400.00 per hour for work performed in

3

2020, and $425.00 per hour for work performed in 2021; for Ms. Kayleigh Smith, $215.00 per hour for work performed in 2018, $225.00 per hour for work performed in 2019, and $250.00 per hour for work performed in 2020; and for Ms. Anna Carruth, $180.00 per hour for work performed in 2021. Fees App. at 9-10. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and they shall be awarded herein. See Roach-Yohey v. Sec'y of Health & Human Servs., No. 17-1744V, 2022 WL 1075388, at *4 (Fed. Cl. Spec. Mstr. Mar. 4, 2022); Stillabower v. Sec'y of Health & Human Servs., No. 17-265V, 2020 WL 619686 (Fed. Cl. Spec. Mstr. Jan. 24, 2020).

The paralegal hourly rates must be reduced because they exceed what they have previously been billed at and what has been awarded. Roach-Yohey, 2022 WL 1075388, at *4; Conley v. Sec'y of Health & Human Servs., No. 19-1458V, 2021 WL 3917016 (Fed. Cl. Spec. Mstr. Jul. 30, 2021). Paralegal hours will therefore be compensated at the following hourly rates: $125.00 per hour for 2019, $140.00 per hour for work performed in 2020, and $150.00 per hour for work performed in 2021. This results in a reduction of $141.50.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most time billed to be reasonable but that an overall reduction is necessary for several issues. Some of the time billed by Ms. Smith is more properly characterized as paralegal tasks and should have been billed at paralegal time. There is also a general issue of vagueness in the description of many of the billing entries, particularly those for communication with petitioner and experts. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, several billing entries concerning communication do not contain any indication of the topic of that communication, (e.g., multiple entries reading "Corresponded with client" or "Corresponded with expert" without any indication as to the topic of the communication or even which expert counsel was

4

communicating with) making it difficult for the undersigned to determine whether such communication was necessary and reasonable.

Therefore, because of these issues, the undersigned finds it reasonable to reduce the final award of attorneys' fees by five percent, a reduction of $1,310.35. Petitioner is therefore awarded final attorneys' fees of $24,896.69.

### C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $15,885.24 in costs, comprised of acquiring medical records, the Court's filing fee, and work performed by petitioner's medical expert, Dr. Santoro. Fees App. at 11. The costs for records and the filing fee are reasonable and shall be fully reimbursed. The costs attributable to Dr. Santoro's work require further discussion.

Petitioner requests a total of $15,000.00 for Dr. Santoro's work, comprised of 30 hours billed at $500.00 per hour. Petitioner notes that Dr. Santoro passed away before being able to send his counsel a detailed billing record, and that his counsel reached out to Dr. Santoro's widow and executor of his estate and that she also was unable to provide detailed billing records for his work in this case. Petitioner notes, however, that his counsel signed a fee agreement with Dr. Santoro which stipulated that his hourly rate was $500.00, and that for the work Dr. Santoro did in this case preparing three reports, that 30 hours represents a reasonable amount of time.

Concerning a reasonable hourly rate for Dr. Santoro, the undersigned notes that other special masters who have considered his hourly rate have found that $400.00 is reasonable despite the fact that he typically billed at $500.00 as he did in the instant case. See, e.g., Morris v. Sec'y of Health & Human Servs., No. 17-165V, 2020 WL 3960338, at *2 (Fed. Cl. Spec. Mstr. May 28, 2020); Evans v. Sec'y of Health & Human Servs., No. 15-1458V, 2019 WL 7556375, at *9 (Fed. Cl. Spec. Mstr. Nov. 13, 2019); Campbell v. Sec'y of Health & Human Servs., No., 2019 WL 5887031, at *4 (Fed. Cl. Spec. Mstr. Oct. 21, 2019). Based upon my review of Dr. Santoro's work in the instant case, the undersigned finds that $400.00 is reasonable for the work performed herein. Dr. Santoro was board-certified in gastroenterology and was certainly qualified to opine on C.G.'s intussusception. However, Dr. Santoro's reports were ultimately not persuasive, and the quality of work was not at the level of other experts who have been awarded $500.00 per hour for their work.

The undersigned must next determine a reasonable number of hours for Dr. Santoro's work. The undersigned notes that the special masters who have previously reviewed Dr. Santoro's billing records found that he typically billed an excessive amount of time – in each of the three aforementioned cases, the presiding special master found it necessary to reduce the number of hours billed by Dr. Santoro. While the lack of contemporaneous billing records means that it cannot be definitively established that Dr. Santoro overbilled his time in the instant case, petitioner's counsel had indicated that he arrived at the total of 30 hours based on, at least in part, "Petitioner's previous work with Dr. Santoro." Fees App. Supp., filed on November 3, 2021, at 3. Thus, it may be that the data points of Dr. Santoro's past work used by counsel were overbilled, leading to a high estimation of the hours billed in this case. Furthermore, Dr. Santoro's work in Evans involved a similar set factual setup as in the instant case (a minor child developing intussusception following a rotavirus vaccination). This work took place before the work in the instant case – thus Dr. Santoro should have already had a baseline knowledge of the necessary medical literature he would need to research and file as part of his report and should have had to spend less time than before on that aspect of the research.

Overall, the undersigned finds that 25.0 hours is reasonable for Dr. Santoro's work in this case. Therefore, a reasonable amount for Dr. Santoro's work is $10,000.00. Petitioner is awarded final attorneys' costs of $10,885.24.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$35,781.93** (representing $24,896.69 in attorneys' fees and $10,885.24 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Mr. Sean Greenwood.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

<u>s/Christian J. Moran</u>  
Christian J. Moran  
Special Master